# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **RONNIE OGLETREE,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 5:09-cv-147 (HL) |
| : | |
| **FRED'S OF TENNESSEE, INC.,** : | |
| : | |
| Defendant. : | |

## ORDER

### I.  INTRODUCTION

This case was removed from the Superior Court of Upson County, Georgia, to this Court on April 20, 2009.  Consistent with the practices of this Court, the Notice of Removal was subjected to an initial review.  Following review of the Notice of Removal, the Court directs Defendant to amend consistent with the following.

Plaintiff, Ronnie Ogletree, filed an action for personal injury in the Superior Court of Upson County, Georgia, on March 17, 2009.  The complaint does not state Plaintiff's state of citizenship.  Plaintiff named Fred's of Tennessee, Inc., as Defendant.  Thereafter, Defendant filed the Notice of Removal at issue here, alleging diversity jurisdiction.  However, the Defendant's pleading of diversity jurisdiction is

1

inadequate in two respects. First, Defendant does not state Plaintiff's state of citizenship. Second, Defendant, a corporation, does not state its place of incorporation and principal place of business.

## II. DISCUSSION

A civil action "brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C.A. § 1441(a) (West 2009). District courts have original jurisdiction of all civil actions in which the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C.A. § 1332(a) (West 2009). For purposes of 28 U.S.C.A. § 1332, a corporation is deemed to be a citizen of any state in which it has been incorporated and the state where it has its one principal place of business. 28 U.S.C.A. § 1332(c)(1) (West 2009). Thus, pursuant to 28 U.S.C.A. § 1332, a corporation may be deemed to be a citizen of more than one state.

Additionally, with regard to natural persons, federal courts hold that citizenship is equivalent to "domicile" for purses of diversity jurisdiction. McCormick v. Anderhold, 293 F.3d 1254, 1257 (11th Cir. 2002). Domicile generally requires physical presence in the state and the intent to make the state one's "'true, fixed, and permanent home and principal establishment.'" Id. (quoting Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974)). Further, a person may reside in one place but be domiciled in another. Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48, 109 S. Ct. 1597, 1608 (1989). Thus, mere residency is not enough to establish

citizenship for diversity jurisdiction.

Because federal courts are courts of limited jurisdiction, they "always have an obligation to examine *sua sponte* their jurisdiction before reaching the merits of any claim." Kelly v. Harris, 331 F.3d 817, 819 (11th Cir. 2003).  Furthermore, a defendant removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties.  Rolling Greens MHP, 374 F.3d at 1022 (citing Williams v. Best Buy Co., Inc. 269 F.3d 1316, 1318 (11th Cir. 2001)).

In examining the jurisdictional allegations presented in the Notice of Removal, the Court finds they are lacking.  Specifically, Defendant, a corporation, neither identified it's place of incorporation or its one principal place of business nor plead the Plaintiff's citizenship.  As a result, this Court is unable to ascertan whether complete diversity of citizenship exists and, therefore, the Notice of Removal fails to satisfy the prerequisites of subject matter jurisdiction.  However, the Court is of the opinion that Defendant should be allowed to amend to correct the deficiencies noted.  Accordingly, Defendant shall have twenty days from the date of entry of this Order in which to file an amendment that conforms to the findings of this Order.  Failure to plead the necessary jurisdictional prerequisites in a timely manner will result in remand for lack of jurisdiction.

## III.    CONCLUSION

For the aforementioned reasons, the Defendant shall have twenty (20) days from the entry of this Order to correct the deficient allegations of citizenship.

**SO ORDERED**, this the 21st day of April, 2009.

             ***s/ Hugh Lawson***
             **HUGH LAWSON, JUDGE**